Curia, per O’Neall, J.
The former recovery by David Montgomery ads. William Robertson, cannot bar this action. In that case, the title to the slaves was the issue : in this, their value on a sale from the plaintiff to defendant before the former suit, is sought to be recovered. This action admits the title found by that verdict to be-in the defendant, and is therefore consistent with it. If it sought to recover the price of slaves sold by the defendant before the former recovery, and the plaintiff’s right to recover depended on his title to the slaves, then the recovery in trover would be a bar to the second suit, in another form, for sub *90 stantially the same object. But here, the plaintiff contends that he is entitled to recover an amount which he alleges, and which, the jury have found, that the' defendant ought to pay on his contract, to buy the said slaves at a fair valuation, before the former suit was instituted. It may be, for aught which appears, that the defendant succeeded in the former case, on the ground that he had bought the slaves from the plaintiff. If that was so, there would not be two opinions about his right to be paid the price. The possibility that it was so, has been turned into a certainty by the verdict of the jury in this case, finding that a sale was made before the former suit was instituted. The question of a sale of the negroes by the plaintiff to the defendant, was one of fact merely. The witness, Charles Bell, proved the agreement to buy at a valuation; subsequent to this, the negroes are found in the possession of the defendant. — Putting the contract to buy and the subsequent possession together, the fact of a sale is made out. That the slaves were not valued by persons selected by the parties, is no objection to the recovery here. On the proof of the sale made and no price fixed, the plaintiff was entitled to recover as much as the slaves were worth. The jury were to fix that: and have done so by their verdict. My knowledge of the facts proved in the former case, in trover, between these parties, cannot aid the defendant. If he wished the benefit of the testimony which he then adduced, it was his business to reproduce his witnesses: and in this case, to prove- by them the facts to which they before testified. Having failed to do so, he can have no benefit in any shape, from my remembrance of the former testimony. For as a witness, I could not speak of it: and if it were offered as testimony, could not be heard. I should be ashamed of my weakness if, as a judge, I supposed it to influence my judgment on the case before me.
The motion is dismissed.
Gantt, Evans, and Richardson; Justices, concurred.